ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
FRANK D. KORTUM
Assistant United States Attorney
Asset Forfeiture Section
California Bar No. 110984
    United States Courthouse
    312 North Spring Street, Suite 1400
    Los Angeles, California 90012
    Telephone: (213) 894-5710
    Facsimile: (213) 894-7177
    E-Mail:   Frank.Kortum@usdoj.gov

Attorneys for Plaintiff
United States of America

JS - 6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>$45,460.00 IN U.S. CURRENCY,<br><br>            Defendant.<br>_____<br><br>GREGORY THORNTON,<br><br>            Claimant.<br>_____ | NO. CV 11-09674-DMG (FMOx)<br><br>**CONSENT JUDGMENT OF FORFEITURE AS TO CLAIMANT GREGORY THORNTON [21]** |

    Plaintiff and Claimant Gregory Thornton ("Claimant") have made a stipulated request for the entry of this Consent Judgment, resolving this action in its entirety.

    On or about November 21, 2011, plaintiff United States of America ("the United States of America") filed a Verified

Complaint for Forfeiture alleging that the defendant $45,460.00 in U.S. currency (the "defendant currency") is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

Claimant Gregory Thornton ("claimant") filed a claim to the defendant currency on February 8, 2012 and an answer on February 27, 2012.  No other parties have appeared in this case and the time for filing claims and answers has expired.  No other person is believed to have any claim to the defendant currency.

The Court, having considered the stipulation of the parties, and good cause appearing therefor, **HEREBY ORDERS ADJUDGES AND DECREES**:

1. The government has given and published notice of this action as required by law, including Supplemental Rule G for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court.  No claims or answers have been filed to contest the forfeiture of the defendant currency by anyone other than Claimant, and the time for filing claims and answers has expired.  This Court has jurisdiction over the parties to this judgment and the defendant currency described herein.  Any potential claimants to the defendant currency other than Claimant are deemed to have admitted the allegations of the complaint for forfeiture.

2. $18,000.00 of the defendant currency, plus interest, shall be returned to claimant.  The remainder of the defendant currency ($27,460.00) shall be condemned and forfeited to the United States of America.  The United States Marshals Service is

1  ordered to dispose of the defendant currency in accordance with
2  the law.
3      3.  The funds to be returned to claimant shall be paid to
4  Claimant within forty-five (45) days of the entry of this Consent
5  Judgment of Forfeiture by electronic transfer directly into a
6  financial institution account designated by Claimant's counsel,
7  Paul L. Gabbert. Claimant's counsel agrees to provide appropriate
8  financial institution account information within 10 days of
9  execution of this consent judgment.
10     4.  Claimant agrees not to contest the forfeiture of
11 $41,112.00 (more specifically $4,356.00 in U.S. currency (seizure
12 number 2011-330700014701), $6,580.00 in U.S. currency (seizure
13 number 2011-3307000148001), and $30,176 (seizure number 2011-
14 330700014601)), seized from him on May 5, 2011 in Denver,
15 Colorado.
16     5.  Claimant has agreed to release the United States of
17 America, its agencies, agents, and officers, including employees
18 and agents of the Drug Enforcement Administration ("DEA") and the
19 Department of Homeland Security ("DHS"), from any and all claims,
20 actions or liabilities arising out of or related to the seizure
21 and retention of the defendant currency and/or the commencement
22 of this civil forfeiture action, including, without limitation,
23 any claim for attorneys' fees, costs or interest which may be
24 asserted on behalf of Claimant against the United States, whether
25 pursuant to 28 U.S.C. § 2465 or otherwise.
26     6.  The Court finds that there was reasonable cause for the
27 seizure of the defendant currency and the institution of this
28

action.  This judgment constitutes a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

    7.  Each of the parties shall bear its own fees and costs in connection with the seizure, retention and return of the defendant currency.

DATED:  August 6, 2012

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

Presented by:

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States  Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section


      /s/
_____
FRANK D. KORTUM
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA